# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**AMANDA M. RAMIREZ ORTIZ on behalf of her son PEDRO A PEREZ RAMIREZ,**

**Plaintiff,**

**v.**

**COMMONWEALTH OF PUERTO RICO DEPARTMENT OF EDUCATION, et al.**

**Defendants.**

**CIVIL NO. 11-1475 (GAG)**

## OPINION AND ORDER

Plaintiff in this matter, Amanda M. Ramirez Ortiz on behalf of her son Pedro A. Perez Ramirez ("Plaintiff") brought suit against the Commonwealth of Puerto Rico Department of Education ("DOE") and the Honorable Jesus Rivera ("Rivera") (collectively referred to as "Defendants") seeking declaratory and injunctive relief, as well as reimbursement and damages for alleged violations of the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*; and 42 U.S.C. § 1983 ("Section 1983").

Presently before the court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 23). Plaintiff filed a timely opposition (Docket No. 29), to which Defendants replied (Docket No. 40). After considering these submissions and the pertinent law, the court **GRANTS in part and DENIES in part** Defendants' motion to dismiss.

## I. Standard of Review

In her opposition to Defendants' motion to dismiss (Docket No. 29), Plaintiff asks this court to treat Defendants' motion as one for summary judgment because both parties have presented matters outside of the pleadings in this case, specifically various documents from the administrative record.

**Civil No. 11-1475 (GAG)**

1    "Ordinarily, a court may not consider any documents that are outside of the complaint, or not

2    expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt.

3    Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson

4    v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  However, there is "a narrow exception 'for documents the

5    authenticity of which are not disputed by the parties; for official public records; for documents

6    central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alt.

7    Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3).

8        The complaint specifically refers to the administrative orders issued by the DOE as well as

9    the parties' corresponding motions filed before the administrative judge, none of which are contested

10   by either party.  Therefore, the court can consider these submitted documents without converting the

11   motion to dismiss into a motion for summary judgment.  See Barber v. Verizon New England, Inc.,

12   2005 WL 3479834 at *1 n.1 (D.R.I. Dec. 20, 2005) ("While a court deciding a Rule 12(b)(6) motion

13   is normally constrained to consider only the plaintiff's complaint, a court may nonetheless take into

14   account a document whose contents are linked to the complaint . . . without converting the motion

15   into a summary judgment request.") (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17

16   (1st Cir. 1998)).  Accordingly, the court will proceed under a Rule 12(b)(6) standard of review.

17       Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to

18   state a claim upon which relief can be granted.  See Fed.R.Civ.P. 12(b)(6).  When considering a

19   motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right

20   to relief above the speculative level."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

21   In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in

22   the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  However, "the tenet that a

23   court must accept as true all of the allegations contained in a complaint is inapplicable to legal

24   conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  "Threadbare recitals of

25   the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

26   (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer

27

28                                         2

**Civil No. 11-1475 (GAG)**

1    more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'–

2    'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

3    In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal

4    conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2)

5    plausibility analysis is a context-specific task that requires courts to use their judicial experience and

6    common sense. Id. at 1949-50 (citing Twombly, 550 U.S. at 555-56). In applying these principles,

7    courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-

8    pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Iqbal,

9    129 S. Ct. at 1950.

10   **II.    Factual & Procedural Background**

11   Minor Pedro Antonio Perez Ramirez ("Pedro") is a fifteen year old child diagnosed with

12   severe autism. The DOE is a public division organized under the laws of the Commonwealth of

13   Puerto Rico in charge of public education. Co-defendant Rivera is currently the Secretary of

14   Education of the Commonwealth of Puerto Rico and is responsible for the administration and

15   implementation of all programs of education for children within the Commonwealth.

16   During the 2006-2007 school year, Pedro was placed at the Instituto Modelo de Ensenanza

17   Individualizada ("IMEI"). During the school year, Plaintiff met with Pedro's teachers at IMEI. She

18   was informed that IMEI lacked the necessary tools to help Pedro. As a result, Pedro was removed

19   from IMEI. Plaintiff contacted the DOE to discuss different placement and related services. The

20   parties were unable to reach an agreement for placement and related services so Plaintiff filed an

21   IDEA complaint (Complaint No. 2007-107-031) ("First Complaint"). Following this complaint, the

22   DOE conducted an evaluation and prepared an Individual Education Plan ("IEP").

23   On May 11, 2007, Administrative Judge Marie Lou De La Luz-Quiles produced a Resolution

24   and Order (the "First Resolution") (Docket No. 11-1) which stated in pertinent part:

25       1.    The Provisional Remedy is hereby granted to Student Pedro A. Perez

26              Ramirez, so that he be provided psychological therapy services by Behavior
                Analysis, Inc. to help him in his educational program and guarantee that he

27              receives a proper education according to his needs.

28

**Civil No. 11-1475 (GAG)**

1      2.      The plaintiff must visit the Department of Education, 9th floor, provisional
                  Remedies Office, and fill in all the corresponding documents.

2      3.      The plaintiff must submit his psychological evaluation, along with all the
                  required documents, to the Department of Education, 9th floor.

3      4.      The plaintiff must fill in the required form at the Provisional Remedies
                  Office and be advised of the entire procedure, as explained to him during the

4                  Administrative Hearing . . . .

5            The captioned parties are hereby advised that the party adversely affected by
this Resolution may file a Motion for Reconsideration regarding same within a

6  period of twenty (20) days after this Resolution has been filed in the case docket.

7  On June 21, 2007, pursuant to the First Resolution, a signed contract between Plaintiff and Behavior

8  Analysis Inc. ("Behavior") was provided to Defendant. Behavior is a Florida corporation that was

9  doing business in Puerto Rico and provides Applied Behavior Analysis ("ABA") therapies.

10  Behavior evaluated Pedro and concluded that he needed an intensive program of no less than twenty

11  ABA sessions per week, plus weekly evaluations.

12  On July 17, 2007, the DOE received the contract between Plaintiff and Behavior for the

13  provision of psychological services. In response, the DOE filed an Informative Motion and Request

14  for Clarification of Judgment (Docket No. 32-1) on the First Resolution. The DOE informed the

15  Administrative Judge that, according to the agreement, Behavior would be providing their services

16  through Carlos A. Vazquez. The DOE's motion further informed that the documents submitted by

17  Plaintiff did not include evidence that Mr. Vazquez was licensed to practice psychology in Puerto

18  Rico, which is a requirement in accordance with the regulations of said profession. The motion

19  further notified the administrative judge that the DOE sent a letter to Behavior on June 29, 2007,

20  informing it that the department could not approve the agreement.[1] Finally, the DOE requested that

21  the First Resolution be corrected to order that the psychological services be provided through a

22  corporation or psychologist certified to practice in Puerto Rico.

23  On September 21, 2007, Administrative Judge Marie Lou De La Luz-Quiles produced a

---

[1] The letter also stated that DOE was denying payment for these services because Plaintiff had not followed the administrative judge's order to deliver Pedro's psychological assessment to the DOE.

4

**Civil No. 11-1475 (GAG)**

1  second administrative resolution *nunc pro tunc* ("Second Resolution") (Docket No. 32-2) clarifying

2  the First Resolution ordered on May 11, 2007.  The Second Resolution stated that the therapy

3  services which were alluded to in the First Resolution are behavioral modification therapies using

4  the ABA method.  The resolution further stated that Plaintiff must submit the assessment performed

5  by Behavior and all supporting documents to the 9th floor of the DOE.  A hearing was held on

6  October 11, 2007 to clarify this matter.  At the hearing, both parties were requested to submit briefs

7  supporting their corresponding positions.  On October 24, 2007, the DOE filed a memorandum of

8  law (Docket No. 32-3) explaining its reasons for denying future and past payment of the ABA

9  services provided by Behavior.  Plaintiff never submitted a brief of its own.  Pedro began receiving

10  ABA therapy from Behavior in October of 2007 at Plaintiff's expense.

11         On July 8, 2008, Administrative Judge Marie Lou De La Luz-Quiles issued a third resolution

12  *nunc pro tunc* ("Third Resolution") (Docket No. 32-4) in response to the DOE's submitted brief.

13  Plaintiff never received notice of the Third Resolution.[2]  The Third Resolution denied Plaintiff's

14  request for the purchase of the ABA behavioral therapy and  held in pertinent part that the DOE was

15  not obligated to pay for the ABA services provided by Behavior because (a) the DOE did not agree

16  to provide psychological services through Behavior, but rather agreed to provide psychological

17  therapy services through the provisional remedy mechanism, and (b) regardless of Plaintiff's

18  position, it is impossible for the DOE to pay for Behavior's therapy services as Carlos Vasquez, the

19  person who would be offering the therapies, was not licensed to practice psychology in Puerto Rico.

20  The Third Resolution provided a twenty day window in which the aggrieved party could file a

21  motion for reconsideration and a thirty day window in which to appeal the decision to the Puerto

22  Rico Court of Appeals.  No further action was taken based on the First Complaint.

23  ─────────────────

24

25         [2] In her complaint, Plaintiff alleges she never received notice of the Third Resolution.  The order states that it was sent by mail to the claimant (Plaintiff).  However, because the court is analyzing the present motion under a 12(b)(6) standard it must assume that all well-pleaded facts are true.  Accordingly, the court assumes for purposes of Defendants' motion that Plaintiff never received the Third Resolution.

26

27

28                                                                 5

**Civil No. 11-1475 (GAG)**

On April 16, 2010, Plaintiff filed a new administrative complaint (Complaint No. 2010-114-018) ("Second Complaint") requesting placement for Pedro and reimbursement for the cost of the ABA therapies for the previous years.  An agreement was reached on Pedro's school placement, however, no agreement was reached regarding the reimbursement of the ABA therapies.  On August 12, 2010, the DOE filed an informative motion (Docket No. 32-5) explaining its position regarding reimbursement of the ABA therapies and requesting that the administrative judge deny the request for reimbursement.  Plaintiff submitted her position on September 30, 2010.  On January 7, 2011, Administrative Judge Amelia M. Cintron Velazquez issued a fourth resolution and order ("Fourth Resolution") (Docket No. 32-6) stating that the administrative judge lacked jurisdiction to hear the issues raised regarding the DOE's failure to comply with the resolutions issued under the First Complaint.  The Fourth Resolution also ordered: (1) the purchase of educational services at the Colegio Pilimar for the 2010-2011 school year; (2) that the psychological evaluation, occupational, educational, and speech and language therapies will be processed and issued through the DOE; and (3)that the behavior modification and occupational therapies will be offered through provisional remedy.

On January 26, 2011, Plaintiff submitted a motion for reconsideration (Docket No. 29-1) of the Fourth Resolution.  In response, Administrative Judge Amelia M. Cintron Velazquez issued a fifth resolution ("Fifth Resolution") (Docket No. 11-2) on February 28, 2011 granting Plaintiff's motion for reconsideration. The Fifth Resolution held that the administrative judge had jurisdiction under IDEA to award remedies regarding the reimbursement for educational and other related services of the past two years.  The administrative judge also found that the DOE was bound to pay for the ABA services because it did not request an amendment to the First Resolution until June 17, 2007, which fell outside of the twenty day period to file a motion for reconsideration.  Therefore, according to the administrative judge, the First Resolution became binding.  Administrative Judge Amelia Cintron Velazquez ordered the DOE to reimburse Plaintiff the costs of the therapies provided by Behavior beginning in April 16, 2008 and continue to pay for future services until such

**Civil No. 11-1475 (GAG)**

1   services are provided by the DOE.

2   On March 8, 2011, the DOE moved for reconsideration (Docket No. 32-7) of the

3   administrative judge's ruling in the Fifth Resolution.  In light of this request, the administrative

4   judge held a hearing on April 5, 2011 to adjudge whether or not the court had jurisdiction to enter

5   the Fifth Resolution requiring the DOE to comply with the First Resolution.  Administrative Judge

6   Amelia Cintron Velasquez issued a sixth resolution ("Sixth Resolution") on April 30, 2011 granting

7   the DOE's motion for reconsideration and holding that the administrative judge did not have

8   jurisdiction to order enforcement of the First Resolution.  The Sixth Resolution also ordered the

9   closing of the Second Complaint filed by Plaintiff.

10   Plaintiff filed the instant complaint (Docket No. 1) on May 20, 2011 seeking: (1) a

11   declaration that the administrative judge's Sixth Resolution was null and void and the DOE failed

12   to comply with IDEA's procedural requirements; (2) reimbursement of the out-of-pocket costs for

13   the ABA services; and (3) punitive and compensatory damages.  Defendants moved for dismissal

14   on September 7, 2011 (Docket No. 23).

15   **III.    Discussion**

16   **A.    Section 1983 Claim**

17   In their motion to dismiss, Defendants first move for the dismissal of Plaintiff's Section 1983

18   claim, arguing that Plaintiff has failed to state a claim upon which relief can be granted under

19   Section 1983.

20   No independent substantive rights are created by Section 1983, rather it provides a cause of

21   action by which individuals may seek money damages for governmental violations of rights

22   protected by federal law.  Cruz Erazo v. Rivera Montanez, 212 F.3d 617, 621 (1st Cir. 2000) (citing

23   Albright v. Oliver, 510 U.S. 266, 271 (1994)).  To establish liability under Section 1983, plaintiffs

24   must demonstrate that defendants, acting under color of state law, violated plaintiffs' federal

25   constitutional rights, thereby causing the complained of injury.  See West v. Atkins, 487 U.S. 42,

26   48 (1988).  In order to show this, the plaintiff is required to show two things: "(1) there must have

27

28                                                                7

**Civil No. 11-1475 (GAG)**

1  been an actual deprivation of the plaintiff's federally protected rights; and (2) there must have been

2  a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal

3  rights." Figueroa-Garay v. Municipality of Rio Grande, 364 F. Supp. 2d 117, 122 (D.P.R. 2005).

4  This second element of causal connection requires that the plaintiff show that: (1) it was the

5  defendant's own actions that deprived the plaintiff of the protected right; and (2) the conduct was

6  intentional, grossly negligent, or amounted to a reckless or callous indifference. Id. (citations

7  omitted).

8         When proceeding under the remedial structure of Section 1983, the First Circuit has

9  repeatedly held that the remedies provided under Section 1983 cannot be used to escape the

10  strictures on damages under the IDEA. See Diaz Fonseca v. Commonwealth of Puerto Rico, 451

11  F.3d 13, 28 (1st Cir. 2006); Nieves Marques v. Puerto Rico, 353 F.3d 108, 125 (1st Cir. 2003) ("[I]f

12  federal policy precludes money damages for IDEA claims, it would be odd for damages to be

13  available under another vehicle, . . . where the underlying claim is one of violation of IDEA."). In

14  interpreting the IDEA's remedial structure,  the First Circuit has followed sister circuits in holding

15  that "the IDEA's primary purpose is to ensure [a free appropriate public education], not to serve as

16  a tort-like mechanism for compensating personal injury." Nieves Marques, 353 F.3d at 125 (citing

17  Polera v. Bd. of Educ., 288 F.3d 478, 486 (2d Cir. 2002); Witte v. Clark County Sch. Dist., 197 F.3d

18  1271, 1275 (9th Cir. 1999); Sellers by Sellers v. School Bd., 141 F.3d 524, 526-27 (4th Cir. 1998)).

19         Defendants correctly cite the aforementioned precedent in moving to dismiss Plaintiff's

20  claim.  In her opposition, Plaintiff contends that her claim for damages is not precluded by the

21  IDEA's restrictive remedial structure, as her Section 1983 claim is premised upon a violation of

22  Section 504 of the Rehabilitation Act and not the IDEA.  (See Docket No. 29 at 14-15.)

23         Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with

24  a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from

25  the participation in, be denied the benefits of, or be subjected to discrimination under any program

26  or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a).  In order to state a valid

27

28                                                    8

**Civil No. 11-1475 (GAG)**

1 claim under Section 504 of the Rehabilitation Act, a showing of discriminatory animus is required.

2 Nieves Marquez, 353 F.3d at 125 n. 17 (citing Sellers, 141 F.3d at 528-29) ("§504 claims require

3 some showing of deliberate indifference not required by IDEA.")).  That is, "[s]omething more than

4 a mere failure to provide the 'free appropriate education' required under [IDEA] must be shown."

5 Zayas v. Commonwealth of Puerto Rico, 378 F. Supp. 2d 13, 21 (quoting Monahan v. State of

6 Nebraska, 687 F.2d 1164, 1170 (8th Cir.1982)).

7 　　　In Nieves-Marquez, the First Circuit considered a similar issue regarding the IDEA's

8 preclusion of a Section 1983 claim.  The First Circuit held that the plaintiff's Section 1983 claim,

9 premised upon a violation of the Rehabilitation Act, was not precluded by the IDEA because the

10 complaint alleged both intentional discrimination and resulting economic harm.  353 F.3d at 126.

11 Thus, the court ruled against preclusion based on the sufficiency of the pleadings.  In her opposition,

12 Plaintiff cites M.M.R.-Z v. Puerto Rico, 528 F.3d 9 (1st Cir. 2008) in support of her position.  In

13 M.M.R.-Z, the First Circuit once again ruled that the IDEA did not preempt the plaintiff's 1983

14 claim as the remedies were "'independently available through other sources of law,' namely, the

15 retaliation  provisions of the [other] statutes here invoked . . . [which] are by no means mirrors of

16 the IDEA." Id. at 14-15.

17 　　　In contrast to the First Circuits's findings in the aforementioned precedent, Plaintiff's

18 complaint does not sufficiently allege any intentional discriminatory or retaliatory actions by the

19 Defendants.  Plaintiff fails to make any factual allegation against either the DOE or Rivera

20 demonstrating that their decisions were motivated by deliberate indifference or discriminatory

21 animus.  Instead, the arguments presented by Defendants, as well as the resolutions produced by the

22 administrative judges, indicate reasonable grounds for denying Plaintiff's requests for

23 reimbursement.  While the court must accept as true all well-pleaded facts under the 12 (b)(6)

24 standard, the plaintiff must successfully plead enough facts to "raise a right to relief above the

25 speculative level." Bell Atl. Corp., 550 U.S. at 555.  As Plaintiff has failed to plead facts that would

26 bring her claim outside of the scope of the IDEA's restrictive remedial scheme, the court finds that

27

28　　　　　　　　　　　　　　　　　　　9

**Civil No. 11-1475 (GAG)**

Plaintiff's 1983 claim for damages is precluded by the IDEA.  Accordingly, the court **GRANTS** Defendants' motion to dismiss as to this claim.

       **B.**      **IDEA Claim**

Plaintiff also seeks reimbursement for the costs she incurred in providing Pedro with ABA therapies provided by Behavior.  Plaintiff contends that she is eligible for such reimbursement under the IDEA.

The IDEA requires states that receive federal funding to make a "free appropriate public education" ("FAPE") available to all children with disabilities residing in the state.  20 U.S.C. § 1412(a)(1)(A).  When a public school fails to provide a FAPE and a child is placed in an appropriate private school without the consent of the school district, a court may require the district to reimburse the parents for the cost of the private education.  See Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 369 (1985).  Section 1415 of the IDEA provides for administrative due process hearings as a procedural safeguard  for disabled students and their families in the event that they are aggrieved by the states determination.  20 U.S.C. § 1415(f).  This section further provides that any party aggrieved by the determination in the due process hearing has the right to bring a civil action in any state court with competent jurisdiction or any district court, without regard to the amount in controversy.  Id. at § 1415(i)(2)(A).  The party bringing the action shall have ninety days from the date of the decision of the hearing officer to bring such an action.  Id. at § 1415(i)(2)(B).  In considering such a claim, the district court's determination must be based on two findings: (1) the school district did not offer a FAPE; and (2) the private school placement complied with the IDEA. See Gonzalez v. Puerto Rico Dep't of Educ., 969 F. Supp. 801, 808 (D.P.R. 1997) (citing Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15 (1993)).

Defendants argue that Plaintiff's IDEA claim before this court must be dismissed as her attempt to appeal the ruling on the First Complaint was not filed within ninety days of notice of the final order.  The Third Resolution, which represents the final order on the First Complaint, was issued

**Civil No. 11-1475 (GAG)**

1  on July 8, 2008.[3]  Plaintiff's federal complaint was not filed until May 20, 2011.  While it is

2  uncontested that Plaintiff did not appeal this determination within ninety days, she also alleges that

3  she never received notice of the Third Resolution.  Because notice was never received, Plaintiff

4  would have had no reason to appeal the administrative judge's initial determination in her favor.

5  According to the complaint, Plaintiff repeatedly requested reimbursement in accordance with the

6  holding of the Second Resolution, however, Defendants did not respond until Plaintiff filed the

7  Second Complaint on April 16, 2010 –three years after the Second Resolution had been notified and

8  while Plaintiff had been paying out-of-pocket for Pedro's therapies.  In their response, Defendants

9  denied reimbursement citing the Third Resolution as grounds.  The administrative judge then entered

10  orders on the Second Complaint by issuing the Fourth, Fifth, and Sixth Resolutions, ultimately

11  holding that it did not have jurisdiction to reconsider the Third Resolution's denial of reimbursement.

12  The Sixth Resolution was issued on April 30, 2011 –twenty-one days before the instant complaint

13  was filed in this court.  Therefore, according to Plaintiff's allegations, she had not received a final

14  administrative order notifying her of the denial of her reimbursement request until April 30, 2011

15  –less than ninety days from when her federal complaint was filed.  Thus, Plaintiff's complaint in this

16  court was filed within ninety days of the first order she received denying her request for

17  reimbursement. Accordingly, the court **DENIES** Defendants' motion to dismiss Plaintiff's IDEA

18  claim on grounds of timeliness.

19          Defendants further contend that Plaintiff has failed to state a claim upon which relief can be

20  granted under the IDEA.  However, in reviewing the complaint, the court cites various allegations

21  that properly seek relief under the IDEA, including: (1) the Commonwealth's compliance with

22  IDEA's procedural safeguards; (2) whether Pedro's IEP was reasonably calculated to provide him

23  with proper educational benefit; and (3) whether Plaintiff's out-of-pocket expenses should be

24

25

26          [3] The Third Resolution denied Plaintiff's request for the reimbursement of the ABA
    behavioral therapy and held in pertinent part that the DOE was not obligated to pay for the ABA
27  services provided by Behavior.

28                                                    11

**Civil No. 11-1475 (GAG)**

1  reimbursed by the DOE.  Therefore, the court **DENIES** Defendants' motion to dismiss Plaintiff's

2  IDEA claim on these grounds.

3  **III.**     **Conclusion**

4         For the foregoing reasons, the court **GRANTS in part and DENIES in part** Defendants'

5  motion to dismiss (Docket No. 29).  Remaining before the court are Plaintiff's claims under the IDEA

6  seeking compliance with its procedural process, as well as reimbursement for the cost of the ABA

7  services provided to Pedro.  All other claims before the court are hereby **DISMISSED**.

8

9

       **SO ORDERED.**

10

       In San Juan, Puerto Rico this 25th day of October, 2011.

11

                                              *s/ Gustavo A. Gelpí*
12                                            GUSTAVO A. GELPI
                                              United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            12